**Albert E. and Henrietta R. RADINSKY, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 84–M–2324.**

United States District Court, D. Colorado.

Aug. 14, 1985.

Stanley L. Drexler, Denver, Colo., for plaintiffs.

Stephen D. Taylor, Asst. U.S. Atty., Denver, Colo., Teresa J. Rasmussen, Asst. U.S.

Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER FOR JUDGMENT

MATSCH, District Judge.

This is an action brought by Albert and Henrietta Radinsky to recover $8,012.17 wrongfully collected by the Internal Revenue Service (IRS) under threat of levy. The facts in the action are undisputed and set forth in the Memorandum Opinion and Order of May 2, 1985, denying the United States' motion to dismiss, and are incorporated herein by reference. The matter is now before the court on the parties' cross motions for summary judgment.

 28 U.S.C. § 1346(a)(1) confers jurisdiction upon this court and waives the sovereign immunity of the United States regarding claims for sums wrongfully collected under the internal revenue laws. In a suit under this section, a plaintiff "may challenge the constitutionality, legality or fairness of any tax statute or amount assessed or collected." *White v. C.I.R.*, 537 F.Supp. 679 (D.Colo.1982). In the two briefs filed in this action, the IRS has not explained where it finds statutory authority to employ its tax collection procedures to collect from the plaintiffs a sum of money that has never been assessed as a tax. Since the IRS had no authority to adjust the plaintiffs' account or employ deficiency procedures in these circumstances, it is self-evident that the collection of the sum in this manner was wrongful.

The IRS insists that only "taxpayers" have recourse against the United States under 28 U.S.C. § 1346(a)(1), and that the plaintiffs are not "taxpayers" because no tax has been assessed. "The United States agrees that *taxpayers* do have recourse against the United States under 28 U.S.C. § 1346(a)(1). But in this case, the plaintiffs are not taxpayers." (Defendant's motion for summary judgment at 2).

 The government is wrong on both counts. First, the statute provides federal district court jurisdiction for a civil action to recover any tax, penalty, or sum alleged to have been wrongfully collected under the internal revenue laws. There is no requirement that the plaintiffs be taxpayers challenging some assessment. The government's interpretation of the statute would make "sum" superfluous. In the course of holding that § 1346(a)(1) requires full payment of an assessment before an income tax refund suit can be maintained in federal district court, the Supreme Court has noted:

> ... We believe that the statute more readily lends itself to the disjunctive reading which is suggested by the connective "or." That is, "any sum," instead of being related to "any internal-revenue tax" and "any penalty," may refer to amounts which are neither taxes nor penalties. Under this interpretation, the function of the phrase is to permit suit for recovery of items which might not be designated as either "taxes" or "penalties" by Congress or the Courts.

*Flora v. United States*, 362 U.S. 145, 149, 80 S.Ct. 630, 632–33, 4 L.Ed.2d 623 (1960). Accepting the argument that the amount in question is not a tax or penalty, this action is clearly maintainable to recover a "sum." Therefore plaintiffs who are not "taxpayers" as defined by the United States in this action, i.e. persons who are challenging an assessment, can indeed use § 1346(a)(1). The plaintiffs have standing to bring this action since they were the target of the IRS's collection efforts.

Second, it is too late for the government to argue that the plaintiffs are not taxpayers. Everything in the record indicates that the IRS attempted to collect, and succeeded in collecting, the disputed money as a "tax." The February 1984 letter received by the Radinskys, attached as exhibit "E" to the complaint, after reciting the plaintiffs' "Taxpayer identification number" stated (emphasis added)

Dear *Taxpayer*

We have previously written to you about the *Federal tax* shown below. It is overdue and you should pay the total amount due immediately....

We have enclosed a copy of Publication 568A, The Collection Process (*Income Tax Accounts*), which provides information about our collection procedures and your rights in relation to them. Your attention is specifically directed to our Enforced Collection policy on page 2.

Additionally, Exhibit D attached to the complaint is a "STATEMENT OF ADJUSTMENT TO YOUR ACCOUNT AND BILL FOR TAX DUE". The statement noted that the plaintiffs had no balance due before the adjustment. After the "adjustment" they owed $5,444.00 for an "erroneous credit" and $2,380.20 interest. The IRS always treated this matter as the recovery of tax. The United States cannot argue that because an assessment was erroneous, or an assessment was never made, a person from whom the IRS has collected money cannot employ § 1346(a)(1) for the semantic reason that only individuals correctly assessed can be "taxpayers."

■ The United States misperceives the issue in this matter as whether the plaintiffs were initially entitled to the money. The dispositive issue is instead whether the IRS has followed the law in collecting the money it mistakenly sent to the plaintiffs. While this court is aware that the plaintiffs may receive a windfall, the IRS can only recover the sum pursuant to powers granted by Congress. The United States Code allows the IRS to bring a civil action under 26 U.S.C. § 7405 to recover refunds mistakenly paid to the wrong taxpayer. *See, United States of America v. Young*, 79–2 U.S.T.C. ¶ 9609 (D.Del.1979). The IRS cannot ignore this statutory requirement, obtain the money by threat of levies and enforced collection proceedings, and then raise in actions such as this the defense that the plaintiffs are not entitled to the money. The short answer to the defense is that the Radinskys are entitled to the money unless the IRS brings a civil action within two years. 26 U.S.C. 6532(b). Congress certainly knew that by imposing a strict statute of limitations persons who, for example, received erroneously large refunds could "keep money that did not belong to them" (defendant's motion at 2 n. 2) unless the IRS promptly brought a civil action to recover the money. Any windfall is a result of Congressional action, and there is no convincing distinction between a refund that is too large and a refund that is sent to the wrong person.

■ Finally, the United States suggests that the plaintiffs should not have paid the money but rather should have contested the threatened levy. This contention is totally without merit. Payment of the amount and the filing of a refund claim are prerequisites to jurisdiction under § 1346(a)(1). The United States has spent considerable energy over the years arguing that a fundamental principle in tax litigation should be "pay first and litigate later." *See, e.g., Flora v. United States*, 357 U.S. 63, 75, 78 S.Ct. 1079, 1086, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). It is wrong to fault the plaintiffs for following a procedure long advocated by the IRS.

Congress has provided in 28 U.S.C. § 2411 for recovery of interest on any "overpayment" of "any internal-revenue tax." Having concluded that this is an action to recover a sum improperly collected by the IRS that bore no relation to the tax liability of the plaintiffs, there is no basis for an award of interest. Nor is there any statutory or other basis for attorney's fees.

Accordingly, it is

ORDERED, that the defendant's motion for summary judgment is denied, and it is

FURTHER ORDERED, that the plaintiffs' motion for summary judgment is granted, and it is

FURTHER ORDERED, that the clerk enter judgment in the amount of $8,012.17 in favor of the plaintiffs against the defendant. Plaintiffs shall have costs of action, upon the filling of a bill of costs within ten days.